**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4105

LARRY HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-349-A)

Submitted: January 20, 1998

Decided: February 11, 1998

Before HALL and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, James D.
Villa, Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Harris, a prisoner of the District of Columbia Department of Corrections at the Lorton Reformatory, appeals his conviction of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (1994).**1** He also appeals the district court's orders denying his motion for judgment of acquittal and refusing to award an acceptance of responsibility sentencing reduction. We affirm.

Lorton Reformatory Correctional Officers Larry Cox and Steven Starks searched Harris following the completion of Harris's visit with an outside visitor. During the search, Cox observed Harris take an object wrapped in tape from his left sock and place it under the blanket upon which his belongings were being placed. Upon seizure and subsequent chemical testing, the officers determined that the object was eighteen individually-wrapped packets of marijuana. At the conclusion of his bench trial, the district court convicted Harris of prisoner possession of marijuana and possession with intent to distribute marijuana, and sentenced him to concurrent terms of fifty-one months imprisonment and two years supervised release, all to run consecutively to the sentence that Harris was serving at the time of the offense.

On appeal, Harris contends that the district court abused its discretion in allowing the testimony of Captain Grillo because, he asserts, Grillo's testimony was not admissible under Fed. R. Evid. 704(b). Contrary to Harris's characterization, Grillo did not testify as to whether Harris had an "intent to distribute." Instead, Grillo noted that

_____

**1** Harris conceded guilt to being a prisoner in possession of marijuana in violation of 18 U.S.C.A. § 13 (West Supp. 1997), assimilating Va. Code Ann. § 53.1-203(6) (Michie 1994), and does not appeal his conviction or sentence for this offense.

2

the amount seized, 29.95 grams of marijuana, packaged in a sophisticated "street-type package" of eighteen individually-wrapped packets, was consistent with distribution either inside or outside of a correctional facility. Because Grillo's testimony as to the methods used by drug traffickers at Lorton Reformatory was admissible, we find that the district court did not abuse its discretion in allowing the testimony.[2]

Harris also challenges the district court's denial of his motion for judgment of acquittal. The question here is "whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt."[3]

The testimony during the bench trial provided substantial evidence on which a reasonable trier of fact could have found Harris guilty beyond a reasonable doubt. Cox's testimony, in addition to Harris's concession of guilt regarding possession of marijuana, provided ample basis for establishing Harris's possession of the drugs. Grillo's testimony concerning drug practices at Lorton Reformatory similarly supported a finding of intent to distribute. Viewing the facts in the light most favorable to the government, the district court's verdict was amply supported.

Harris asserts that the district court clearly erred while calculating his total offense level when it refused to award him a two-level downward adjustment for acceptance of responsibility. [4] Harris claims that because he never denied possession of the marijuana, he was entitled to the reduction. We disagree.

During the calculation of a defendant's total offense level, he is entitled to a two-level reduction under USSG § 3E1.1 if he clearly demonstrates acceptance of responsibility for his offense. Whether or not a defendant has accepted responsibility for his crime is a factual question,[5] and such factual determinations are reviewed under the

---

**2** **See United States v. Gastiaburo** , 16 F.3d 582, 587-89 (4th Cir. 1994).
**3** **United States v. Tresvant**, 677 F.2d 1018, 1021 (4th Cir. 1982).
**4** **See U.S. Sentencing Guidelines Manual** § 3E1.1 (1995).
**5** **See United States v. Curtis**, 934 F.2d 553, 557 (4th Cir. 1991).

clearly erroneous standard.**6** To receive an adjustment under § 3E1.1, the defendant must accept responsibility for "`all of his criminal conduct.'"**7**

Although Harris admitted possession of the marijuana, he refused to admit an essential element of the offense--his intent to distribute the drugs. We find Harris's uncooperative behavior and his refusal to fully disclose the circumstances surrounding the offense to be inconsistent with the principles of acceptance of responsibility. Therefore, Harris was not entitled to the two-level sentencing reduction for acceptance of responsibility.**8**

In sum, we find that the district court did not abuse its discretion by allowing expert testimony on the illegal drug distribution practices at Lorton Reformatory or by denying Harris's motion for acquittal. Further, because Harris did not accept responsibility for the totality of his criminal conduct, we find that he was not entitled to the sentencing reduction based on acceptance of responsibility. Accordingly, we affirm Harris's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**6 See United States v. Strandquist** , 993 F.2d 395, 401 (4th Cir. 1993).

**7 Id.** (quoting United States v. Gordon, 895 F.2d 932, 936 (4th Cir. 1990)).

**8** Harris contends that he should receive at least one point for acceptance of responsibility because he admitted to one of the two crimes for which he was charged, thus lessening the Government's burden at trial. However, the sentencing court looks to whether a defendant admits "the conduct comprising the offense(s) of conviction." USSG 3E1.1, comment. (n.1(a)). Further, the reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." USSG 3E1.1, comment. (n.2). Because Harris denied the essential elements of one of the offenses for which he was convicted, he is not entitled to any adjustment.